UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

K<small>ENNETH</small> E. H<small>OWARD</small>,

    Plaintiff,

v.

R<small>ONALD</small> H<small>OPP</small>, <small>ET AL</small>.,

    Defendants.

_____/

Case No. 21-cv-11247

U.S. District Court Judge
Gershwin A. Drain

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DEFAULT JUDGMENT DENIAL AS TO DEFENDANT RONALD HOPP (ECF NO. 16), GRANTING DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT AGAINST RONALD HOPP (ECF NO. 20), DENYING PLAINTIFF'S MOTION TO COMPEL DISCLOSURE AND REQUEST REMAILING OF SUMMONS AND COMPLAINT TO DEFENDANT RONALD HOPP (ECF NO. 22) AS MOOT, EXTENDING THE SUMMONS PURSUANT TO FED. R. CIV. P. 4(M), AND REQUIRING SERVICE</u>**

**I.   INTRODUCTION**

On May 21, 2021, Plaintiff Kenneth Howard, proceeding *pro se*, filed the instant civil rights action against Detroit Police Officer Ronald Hopp and the City of Detroit. ECF No. 1. He brings several claims arising out of a traffic stop. *Id*.

1

Presently before the Court are Plaintiff's Motion for Reconsideration of Default Judgment Denial as to Defendant Ronald Hopp (ECF No. 16), Defendants' Motion to Set Aside Entry of Default Against Ronald Hopp (ECF No. 20), and Plaintiff's Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp (ECF No. 22). Plaintiff's Motions for Reconsideration and to Compel are fully briefed. *See* ECF Nos. 19, 23, 26. He has missed the deadline for responding to the Defendants' Motion to Set Aside Entry of Default. *See* E.D. Mich. LR § 7.1(e).

Upon review of the parties' submissions, the Court concludes that oral argument will not aid in the disposition of these matters. Therefore, the Court will resolve the instant motions on the briefs. *See* E.D. Mich. LR § 7.1(f)(2). For the following reasons, the Court will **DENY** Plaintiff's Motion for Reconsideration of Default Judgment Denial as to Defendant Ronald Hopp (ECF No. 16), **GRANT** Defendant's Motion to Set Aside Entry of Default Against Ronald Hopp (ECF No. 20), **DENY** Plaintiff's Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp (ECF No. 22) as **MOOT**, **EXTEND** the Summons an additional thirty (30) days pursuant to Fed. R. Civ. P. 4(m), and **REQUIRE** service.

2

## II. BACKGROUND

### A. Factual Background

Plaintiff alleges he was walking down the street next to curb on May 22, 2019 because rain had caused large puddles on the sidewalk. ECF No. 1, PageID.6. Defendant Hopp pulled up next to him in a marked police vehicle and immediately exited with his gun drawn, telling Plaintiff to "put [his] hands where he could see them." *Id*. When asked, Defendant Hopp told Plaintiff he was stopping him for walking in the street when the sidewalk was available. *Id*. He then told Plaintiff to "stop resisting" and handcuffed Plaintiff. *Id.* at PageID.7. Defendant Hopp did not turn on his body-worn camera until Plaintiff prompted him to do so. *Id*.

Plaintiff further alleges Defendant Hopp told Plaintiff he stopped Plaintiff because Plaintiff resembled a suspect in an active case. *Id*. Defendant Hopp searched Plaintiff's pockets and an envelope Plaintiff had been carrying that contained his personal documents. *Id* Defendant Hopp drove Plaintiff to a house up the street, which Defendant Hopp claimed was Plaintiff's residence,[1] and they waited for Defendant Hopp's partner to arrive. *Id*. Defendant Hopp's partner, who had a picture of the suspect, initially said Plaintiff did not look like the suspect but

---

[1] Plaintiff also alleges he was homeless at the time of the incident. ECF No. 1, PageID.8.

3

later changed his mind. *Id.* at PageID.8. The partner also looked through Plaintiff's envelope of personal documents. *Id.* Defendant Hopp and his partner called more officers to the scene, who also looked through Plaintiff's envelope. *Id.* Eventually a group of three or four officers arrived and confirmed Plaintiff was not the man in the photo. *Id.* Plaintiff alleges he was held for just under an hour. *Id.*

### B. Procedural Background

Plaintiff filed the instant civil rights action against Detroit Police Officer Ronald Hopp and the City of Detroit on May 21, 2021. ECF No. 1. He brings claims under 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights as well as for unlawful conduct under 34 U.S.C. §12601 and gross negligence.

The City of Detroit filed an answer on July 29, 2021, ECF No. 6, and Plaintiff filed an executed Certificate of Service for the City of Detroit on August 19, 2021. ECF No. 7, PageID.39.

On September 21, 2021, Plaintiff requested that the Clerk of Court enter default against Defendant Hopp for failure to respond. EFC No. 8. In his request, Plaintiff averred that he served the Summons and a copy of the Complaint on the 7th Precinct Police Station (3501 Chene Street) via certified mail on July 8, 2021. *Id.* at PageID.49. In the Certificate of Service for Defendant City of Detroit, Plaintiff explained he received confirmation that the Summons and a copy of the Complaint

4

for Defendant Hopp were delivered to the 7th Precinct Police Station.  ECF No. 7, PageID.39.  Despite this confirmation, Plaintiff had not received the return receipt for Defendant Hopp.  *Id.*  On October 4, 2021, the Clerk denied Plaintiff's request for entry of default because the "Summons was not returned executed by a process server[,] and a signed certified green card [was] not filed."  ECF No. 9, PageID.53.

Prior to the Clerk's denial, Plaintiff had moved for default judgment as to Defendant Hopp.  ECF No. 10.  On October 18, 2021, this Court denied the Motion as premature because the Clerk declined to enter default against Defendant Hopp due to improper service.  ECF No. 11, PageID.75.  The Court also extended the Summons and ordered Plaintiff to effectuate proper service within thirty days of the date of that Order.  *Id.* at PageID.76.

On October 20, 2021, Plaintiff filed a Certificate of Service for Defendant Hopp.  ECF No. 12.  It included a delivery receipt from the United States Postal Service ("USPS"), *id.* at PageID.79, but did not include the certified green card issued by the Clerk's Office.  That same day, Plaintiff again requested that the Clerk of Court enter default against Defendant Hopp, ECF No. 13, and the request was granted, ECF No. 14.

5

### 1. Motion for Reconsideration

On November 4, 2021, Plaintiff filed a Motion for Reconsideration of Default Judgment Denial as to Defendant Ronald Hopp pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 16. He asserts he served the Summons and Complaint on Defendant Hopp at his work location via restricted delivery such that Defendant Hopp was the only person who could have signed for the mail. *Id.* at PageID.88. Thus, Plaintiff avers he complied with Michigan Court Rule 2.105(A). *Id.* at PageID.90. He also explains that he waited so long to file his Motion for Default Judgment because he was waiting for USPS to return the green card. *Id.* at PageID.89. After receiving notice of the denial of entry of default from the Clerk's Office, Plaintiff filed a copy of his restricted mail receipt instead. *Id.* at PageID.91.

Defendants oppose the Motion. ECF No. 19. Specifically, Defendants argue that on July 8, 2021—the day Plaintiff says he served the Summons and a copy of the Complaint—Defendant Hopp did not work for the 7th Precinct or at the address to which Plaintiff mailed the Summons and Complaint. ECF No. 19, PageID.113. Instead, he worked with the Detroit Police Department Gang Intelligence Unit located at 1180 Oakman Boulevard. *Id*. Moreover, via affidavit, Defendant Hopp declares he was furloughed from work on that date and on vacation in Lewiston, Michigan. ECF No. 19-1, PageID.119. Further, no one at his place of work has

6

received the Summons or a copy of the Complaint in this matter; nor has any one from the 7th Precinct provided them to him. *Id*. Defendants therefore argue Defendant Hopp has not been properly served because the Summons and Complaint were not sent to his home or place of employment, and Plaintiff has not submitted proof Defendant Hopp acknowledged service by signing for the Summons and Complaint. ECF No. 19, PageID.115. In addition to seeking denial of Plaintiff's Motion, Defendants also request the Court dismiss the Complaint against Defendant Hopp due to lack of proper service. *Id.* at PageID.116.

### 2. Motion to Set Aside Entry of Default

On December 17, 2021, Defendants moved to set aside the entry of default against Defendant Hopp pursuant to Federal Rule of Civil Procedure 55(c). ECF No. 20, PageID.126. Defendants assert there is good cause to set aside the entry of default due to lack of service according to Federal Rule of Civil Procedure 4(e)(1)-(2) and Michigan Court Rule 2.105(A). *Id.* at PageID.121. This Motion repeats the arguments raised in Defendant's Response in opposition to Plaintiff's Motion for Reconsideration. *Id.* at PageID.127-31. Like in that Response, in addition to requesting that the Court set aside the entry of default, Defendants' Motion to Set Aside Entry of Default also asks the Court to dismiss the Complaint against

Defendant Hopp because he was not properly and timely served. *Id.* at PageID.131. As stated *supra*, Plaintiff did not respond to Defendant's Motion.

### 3. Motion to Compel Disclosure and Request Remailing of Summons and Complaint

On December 30, 2021, Plaintiff filed a Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp. ECF No. 22. He avers he mailed, via USPS restricted delivery, a Summons and copy of the Complaint to Defendant Hopp at 3501 Chene Street, the address for the precinct where he was stationed at the time. *Id.* at PageID.137. Moreover, the mailing was marked "Restricted Delivery" for Defendant Hopp, and someone signed for it. *Id*. Thus, Plaintiff requests that the Court order Defense Counsel to accept service on behalf of Defendant Hopp or compel Defense Counsel to provide Plaintiff the correct mailing address pursuant to Federal Rule of Procedure 26(a) so he can remail the Summons and a copy of the Complaint. *Id*.

Defendants oppose the Motion. ECF No. 23. They assert they have already submitted their Rule 26 Disclosures to Plaintiff. *Id.* at PageID.142. Specifically, they argue Plaintiff has been provided the correct address for Defendant Hopp's precinct and could serve him there via restricted delivery as Defendant Hopp's home address should be kept private for safety reasons. *Id.* at PageID.142-43. Defendants further contend Defense Counsel does not have authority to accept service on behalf

8

of Defendant Hopp. *Id.* at PageID.142. Finally, Defendants "object[] to any future service as the Summons and Complaint in this matter have expired without proper service." *Id.* at PageID.144.

Plaintiff filed a Reply on February 10, 2022.[2] ECF No. 26. He argues that it is not his "fault nor error that the U.S.P.S. got a signature that is supposed to be that of [D]efendant Ronald Hopp. Nor is it the [P]laintiff's fault that whoever signed for the mailing may or may not have passed it along to [D]efendant Ronald Hopp." *Id.* at PageID.154-55. Thus, Plaintiff seeks an additional sixty days from date of his Reply to serve the Summons and a copy of the Complaint at the 1180 Oakman Boulevard address. *Id.* at PageID.155.

### III.   LAW & ANALYSIS

#### A. Legal Standard

Federal Rule of Civil Procedure 4(m) provides that if service is not effectuated on a defendant within 90 days of filing the complaint, the court "must dismiss the action without prejudice against that defendant or order that service be made within

---

[2] Though the Reply is untimely, E.D. Mich. LR § 7.1(e), the Court will consider the arguments therein given that the hearing initially scheduled on these motions for February 2, 2022 was canceled because the court was closed due to inclement weather.

9

a specified time." Rule 4(e) governs service on an individual within a judicial district of the United States. The rule provides:

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>    (A) delivering a copy of the summons and of the complaint to the individual personally;
>    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>    (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Michigan Court Rule 2.105(A) states that service of process on an individual may be accomplished by:

> (1) delivering a summons and a copy of the complaint to the defendant personally; or
> (2) sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

Mich. Ct. R. 2.105(A).

10

B. Discussion

1. Motion for Reconsideration

Plaintiff moved for reconsideration of the Court's order denying his Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 59(e). Rule 59(e) governs motions for a new trial or to alter a judgment which has already been entered. Fed. R. Civ. P. 55(e). It is thus inapplicable to a motion to reconsider the denial of motion for default judgment. Accordingly, the Court will construe Plaintiff's Motion as if it was brought pursuant to Local Rule 7.1(h).[3]

In this District, to succeed on a motion for reconsideration, the movant must demonstrate there is a palpable defect in the opinion or order under attack and that correcting the defect will result in a different disposition of the case. *InterVarsity Christian Fellowship/USA v. Bd. of Governors of Wayne State Univ.*, No. 19-10375, 2021 WL 2207370, at *2 (E.D. Mich. June 1, 2021); *see also Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Sys.*, 704 F. Supp. 2d 688, 709 (E.D. Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)). "However, a motion for

---

[3] Local Rule 7.1(h) was amended effective December 1, 2021. Because Plaintiff filed his Motion before the revision, the Court analyzes his Motion using the previous legal standard.

11

reconsideration which presents the same issues already ruled on by the court, either expressly or by reasonable implication, will not be granted." *Greer v. Lesatz*, No. 4:18-CV-12143, 2021 WL 5198658, at *1 (E.D. Mich. Nov. 9, 2021) (citing *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)).

Here, Plaintiff is not entitled to reconsideration of the Court's Order denying his Motion for Default Judgment (ECF No. 11). The Court acknowledges Plaintiff sent the Summons and a copy of the Complaint to Defendant Hopp via restricted delivery in accordance with Michigan Court Rule 2.105(A), and it was a defect for the Court to state otherwise. Nevertheless, correcting this mistake will not result in a different disposition of the case. At the time Plaintiff filed his Motion, the Clerk had not yet entered default against Defendant Hopp. As the Court explained in its Order, it would have been "procedurally improper" to grant Plaintiff's Motion at that time. ECF No. 11, PageID.74 (collecting cases).

To the extent Plaintiff meant to bring a renewed or second motion for default judgment now that the Clerk has entered default against Defendant Hopp, the Court must deny the request for the reasons discussed in Section III.B.2. *infra*. Accordingly, Plaintiff's Motion for Reconsideration of Default Judgment Denial as to Defendant Ronald Hopp (ECF No. 16) is denied.

### 2. Motion to Set Aside Entry of Default

"Trials on the merits are favored in the federal courts." Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990). Accordingly, Federal Rule of Civil Procedure 55(c) allows courts to "set aside an entry of default for good cause." The Sixth Circuit has established a three-factor test to determine whether a defendant has established good cause. *Berthelsen*, 907 F.2d at 620. "First, the court must determine whether the plaintiff will be prejudiced from reopening the case. Then the inquiry turns to whether the defendant has a meritorious defense. Finally, the court must examine whether culpable conduct of the defendant led to the default." *Id*.

A "district court enjoys considerable latitude . . . to grant a defendant relief from a default entry." *United States v. Real Property, All Furnishings Known as Bridwell's Grocery,* 195 F.3d 8119, 820 (6th Cir.1999) (internal quotation marks and citation omitted). But "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194 (6th Cir.1986).

Here, it appears all three factors favor setting aside the entry of default. First, Plaintiff has not established he would be prejudiced if the Court set aside the entry

13

of default. While doing so might delay the case, "delay alone is not a sufficient basis for establishing prejudice." *Berthelsen*, 907 F.2d at 621 (internal quotation marks omitted). "To establish prejudice, the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id*. Plaintiff did not respond to Defendants' Motion, and thus has not alleged he would be prejudiced by setting aside the entry of default. Nor is the Court able to identify any prejudice Plaintiff might experience as a result as it does not seem like the additional delay will affect Plaintiff's access to evidence. Indeed, in his Reply to his Motion to Compel, Plaintiff requested additional time to effectuate service, ECF No. 26, PageID.155, which would, in itself, delay the case.

Second, Defendant Hopp intends to raise a meritorious defense. At this stage, the Court must resolve any ambiguous or disputed facts in favor of the defendant. *Id*. If the defendant "states a defense good at law, then a meritorious defense has been advanced." *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). A defendant does not need to support its defense with "detailed factual allegations to be deemed meritorious." *United States v. $22, 050 United States Currency,* 595 F.3d 318, 326 (6th Cir.2010). Nor must he demonstrate likelihood of success on the merits. *Berthelsen*, 907 F.2d at 621-22. Defendant Hopp argues he is a Detroit police officer and thus entitled to governmental

14

immunity for his investigation and stop of Plaintiff. ECF No. 20, PageID.130. This defense is "good at law." *See, e.g.*, *Est. of George ex rel. George v. Michigan*, 136 F. Supp. 2d 695, 703 (E.D. Mich. 2001), *aff'd,* 63 F. App'x 208 (6th Cir. 2003) (holding police officers were entitled to governmental immunity under Michigan law for actions taken during traffic stop). Thus, the defense Defendant Hopp intends to raise is meritorious.

Third, it does not appear Defendant Hopp's conduct lead to the default. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). In his affidavit, Defendant Hopp declares he does not live or work at 3501 Chene Street. ECF No. 19-1, PageID.119. Moreover, on July 8, 2021, he was furloughed from work and on vacation in Lewiston, Michigan, *id.*, and thus not the person who signed for the Summons and copy of the Complaint at the 7th Precinct. He further declares no one at 1180 Oakman Boulevard, where he works, has received the Summons and a copy of the Complaint, and no one from the 7th Precinct has provided them to him. *Id*. Finally, Defendant Hopp declares he has not been served personally or via mail in this matter. *Id*. While the Court notes that, based on Defense Counsel's statements during the Scheduling Conference on

15

November 17, 2021, Defendant Hopp seems to have been aware of this matter since at least November of last year, Defendant Hopp has not evidenced an intent to thwart these proceedings by avoiding service or a reckless disregard for the effect of his conduct.

Accordingly, because all three factors favor setting aside the entry of default against Defendant Hopp, the Court will grant Defendants' Motion (ECF No. 20).

### 3. Motion to Compel

The Court concludes Plaintiff's Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp (ECF No. 22) is moot. As discussed above, Plaintiff initially asked this Court to either order Defense Counsel to accept service on behalf of Defendant Hopp or compel Defense Counsel to disclose Defendant Hopp's mailing address. ECF No. 22, PageID.137. However, as Defendants argued in their Response and Plaintiff acknowledged in his Reply, Defendants have already provided Plaintiff with Defendant Hopp's work address. *See* ECF No. 23, PageID.142-43; ECF No. 26, PageID.155. Accordingly, Plaintiff's Motion is denied as moot.

In his Reply, Plaintiff requested additional time to effectuate service at the newly provided 1180 Oakman Boulevard address. ECF No. 26, PageID.155. The Court recognizes Plaintiff has diligently attempted to effectuate service using the

16

resources available to him. Moreover, the Court finds Defendant Hopp, who has been aware of this matter since at least November of last year, will not be prejudiced if Plaintiff is given additional time to effectuate service. Accordingly, the Court will extend the Summons an additional thirty days pursuant to Federal Rule of Civil Procedure 4(m) to allow Plaintiff to attempt to serve Defendant Hopp at the 1180 Oakman Boulevard address.

## IV. Conclusion

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that the Court **DENIES** Plaintiff's Motion for Reconsideration of Default Judgment Denial as to Defendant Ronald Hopp (ECF No. 16).

**IT IS FURTHER ORDERED** that **GRANTS** Defendant's Motion to Set Aside Entry of Default Against Ronald Hopp (ECF No. 20).

**IT IS FURTHER ORDERED** that **DENIES** Plaintiff's Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp (ECF No. 22) as **MOOT**.

**IT IS FURTHER ORDERED** that the Summons is **EXTENDED** an additional 30 days pursuant to Fed. R. Civ. P. 4(m). Plaintiff is required to effectuate proper service as to Defendant Hopp within thirty (30) days from the date of this order, or the action against Defendant Hopp will be dismissed without prejudice.

17

**IT IS SO ORDERED**.

s/Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: April 14, 2022

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 14, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager