UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH E. HOWARD,

    Plaintiff,

v.

RONALD HOPP and CITY OF DETROIT,

    Defendants.
_____/

Case No. 21-cv-11247

U.S. District Court Judge
Gershwin A. Drain

**OPINION AND ORDER DENYING PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT AS TO DEFENDANT RONALD HOPP (ECF No. 30), DENYING DEFENDANT HOPP'S MOTION TO DISMISS (ECF No. 36), AND GRANTING DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 39)**

### I.   INTRODUCTION

On May 21, 2021, Plaintiff Kenneth Howard, proceeding *pro se*, filed the instant civil rights action against Detroit Police Officer Ronald Hopp and the City of Detroit. ECF No. 1.

Presently before the Court are Plaintiff's Second Motion for Default Judgment as to Defendant Ronald Hopp (ECF No. 30), Defendant Hopp's Motion to Dismiss (ECF No. 36), and Defendant City of Detroit's Motion for Summary Judgment (ECF No. 39). Defendants did not respond to Plaintiff's Motion for Default Judgment as

1

Defendant Ronald Hopp (ECF No. 30) and have missed the deadline for doing so. *See* E.D. Mich. LR 7.1(e). Plaintiff responded to both of the Defendants' motions, and neither Defendant filed a reply in support of either. As the motions are interrelated, the Court held a hearing on all three matters on November 30, 2022. For the following reasons, the Court will **DENY** Plaintiff's Motion for Default Judgment as to Defendant Ronald Hopp (ECF No. 30), **DENY** Defendant Hopp's Motion to Dismiss (ECF No. 36), and **GRANT** Defendant City of Detroit's Motion for Summary Judgment (ECF No. 39).

## II.   BACKGROUND

**A. Factual Background**

The Court laid out the factual background in its earlier opinion and repeats it below.

> Plaintiff alleges he was walking down the street next to curb on May 22, 2019 because rain had caused large puddles on the sidewalk. ECF No. 1, PageID.6. Defendant Hopp pulled up next to him in a marked police vehicle and immediately exited with his gun drawn, telling Plaintiff to "put [his] hands where he could see them." *Id*. When asked, Defendant Hopp told Plaintiff he was stopping him for walking in the street when the sidewalk was available. *Id*. He then told Plaintiff to "stop resisting" and handcuffed Plaintiff. *Id.* at PageID.7. Defendant Hopp did not turn on his body-worn camera until Plaintiff prompted him to do so. *Id*.
>
> Plaintiff further alleges Defendant Hopp told Plaintiff he stopped Plaintiff because Plaintiff resembled a suspect in an active case. *Id*.

2

Defendant Hopp searched Plaintiff's pockets and an envelope Plaintiff had been carrying that contained his personal documents. *Id.* Defendant Hopp drove Plaintiff to a house up the street, which Defendant Hopp claimed was Plaintiff's residence,1 and they waited for Defendant Hopp's partner to arrive. *Id.* Defendant Hopp's partner, who had a picture of the suspect, initially said Plaintiff did not look like the suspect but later changed his mind. *Id.* at PageID.8. The partner also looked through Plaintiff's envelope of personal documents. *Id.* Defendant Hopp and his partner called more officers to the scene, who also looked through Plaintiff's envelope. *Id.* Eventually a group of three or four officers arrived and confirmed Plaintiff was not the man in the photo. *Id.* Plaintiff alleges he was held for just under an hour. *Id.*

ECF No. 28, PageID.160–61.

### B. Procedural Background

Plaintiff filed the instant civil rights action against Detroit Police Officer Ronald Hopp and the City of Detroit on May 21, 2021. ECF No. 1. He brings claims under 42 U.S.C. § 1983 for violations of his Fourth and Eighth Amendment rights as well as for unlawful conduct under 34 U.S.C. §12601 and gross negligence.

The City of Detroit filed an answer on July 29, 2021, ECF No. 6, and Plaintiff filed an executed Certificate of Service for the City of Detroit on August 19, 2021. ECF No. 7, PageID.39.

On September 21, 2021, Plaintiff requested that the Clerk of Court enter default against Defendant Hopp for failure to respond. EFC No. 8. In his request, Plaintiff averred that he served the Summons and a copy of the Complaint on the 7th Precinct Police Station (3501 Chene Street) via certified mail on July 8, 2021. *Id.* at PageID.49. In the Certificate of Service for Defendant City of Detroit, Plaintiff explained

he received confirmation that the Summons and a copy of the Complaint for Defendant Hopp were delivered to the 7th Precinct Police Station. ECF No. 7, PageID.39. Despite this confirmation, Plaintiff had not received the return receipt for Defendant Hopp. *Id*. On October 4, 2021, the Clerk denied Plaintiff's request for entry of default because the "Summons was not returned executed by a process server[,] and a signed certified green card [was] not filed." ECF No. 9, PageID.53.

Prior to the Clerk's denial, Plaintiff had moved for default judgment as to Defendant Hopp. ECF No. 10. On October 18, 2021, this Court denied the Motion as premature because the Clerk declined to enter default against Defendant Hopp due to improper service. ECF No. 11, PageID.75. The Court also extended the Summons and ordered Plaintiff to effectuate proper service within thirty days of the date of that Order. *Id.* at PageID.76.

On October 20, 2021, Plaintiff filed a Certificate of Service for Defendant Hopp. ECF No. 12. It included a delivery receipt from the United States Postal Service ("USPS"), *id.* at PageID.79, but did not include the certified green card issued by the Clerk's Office. That same day, Plaintiff again requested that the Clerk of Court enter default against Defendant Hopp, ECF No. 13, and the request was granted, ECF No. 14.

ECF No. 28, PageID.161–62.

On November 4, 2021, Plaintiff filed a moved for reconsideration of this Court's October 18, 2021 Order denying his first motion for default judgment. ECF No. 16. Defendants filed a joint response, ECF No. 19, and Defendant Hopp filed a Motion to Set Aside Clerk's Entry of Default on the

4

same day, ECF No. 20. Plaintiff did not respond to the Motion to Set Aside and instead filed a Motion to Compel Disclosure and Request Remailing of Summons and Complaint to Defendant Ronald Hopp. ECF No. 22. After the motion was fully briefed, on April 14, 2022, this Court issued an Opinion and Order Denying Plaintiff's Motion for Reconsideration, Granting, Defendant's Motion to Set Aside Entry of Default Against Ronald Hopp, Denying Plaintiff's Motion to Compel Disclosure and Request Remailing of Summons and Complaint and Moot, Extending the Summons, and Requiring Service. ECF No. 28.

The day after the Court issued its Opinion, Plaintiff again requested a Clerk's entry of default judgment as to Defendant Hopp. ECF No. 29. This request was denied due to the Court's April 14, 2022 Opinion and Order extending the Summons. ECF No. 31. The same day he requested the entry of default, Plaintiff filed the instant Second Motion for Default Judgment. *See* ECF No. 30. Defendants did not respond to this motion.

On June 6, 2022, Defendant Hopps filed the instant Motion to Dismiss in Lieu of Answer, ECF No. 36, and Plaintiff timely responded, ECF No. 38. Additionally, on June 16, 2022, Defendant City of Detroit file the instant Motion for Summary Judgment, ECF No. 39, and Plaintiff again timely responded, ECF No. 39.

5

### III.  PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

The Court has also previously explained the two-step process for obtaining a default judgment pursuant to Federal Rule of Civil Procedure 55.

> First, "the party seeking a default judgment [] files a motion for entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint."  *U.S. ex rel TTL Assocs., Inc. v. Edg Const. Co.*, No. 06-14453, 2007 WL 295219, at *1 (E.D. Mich. Jan. 26, 2007).  Then, "once the clerk has entered a default, the moving party may [] seek entry of a default judgment against the defaulting party."  *Id*.  It is thus "procedurally improper" for a party to move for default judgment before default has been entered by the clerk.  *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (citing Fed. R. Civ. P. 55(a); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, at 13 (3d ed.1998)); *see also Stitts v. Staples*, 156 F.3d 1232 (Table), 1998 WL 466569, *2 (6th Cir.1998) (affirming denial of "motion for default judgment as premature because [plaintiff] had neglected to apply to the court clerk for entry of a default, as required by Fed. R. Civ. P. 55(a)").

ECF No. 11, PageID.74–75.

As the Court explained to Plaintiff at the hearing, his Second Motion for Default Judgment is procedurally improper.  While the Clerk entered default as to Defendant Hopp on October 20, 2021, ECF No. 14, the Court granted Defendant Hopp's Motion to Set Aside Entry of Default (ECF No. 20) on April 14, 2022, ECF No. 28.  Additionally, Plaintiff's request for entry of default on April 15, 2022 was denied.  ECF No. 31.  Thus, at the time Plaintiff filed his Second Motion for Default

6

Judgment (ECF No. 30) on April 15, 2022, there was no Clerk's entry of default as to Defendant Hopp, and Plaintiff's motion is procedurally improper.

Notably, during the hearing, Plaintiff did not dispute that his motion was procedurally improper and indicated that he does not oppose denial of his Motion given that Defendant Hopp has accepted service of the Complaint (*see infra*). Accordingly, the Court will deny Plaintiff's Second Motion for Default Judgment (ECF No. 30).

### IV. DEFENDANT HOPP'S MOTION TO DISMISS

On June 6, 2022, Defendant Hopp filed a Motion to Dismiss in Lieu of Answer arguing that he was not served with a Summons and copy of the Complaint within the time permitted by this Court's April 14, 2022 Opinion and Order. ECF No. 36. In response, Plaintiff asserted that he had, in fact, served Defendant Hopp within the thirty days allotted pursuant to the time computation rules in Federal Rule of Civil Procedure 6(a)(1)(A) and (C) and that he was also entitled to three additional days under Rule 6(d). At the hearing, Defendant Hopp explained that he did not reply to Plaintiff's response because he concedes that Plaintiff timely complied with the Court's April 14, 2022 Opinion and Order under Rule 6. Accordingly, the Court will deny Defendant Hopp's Motion to Dismiss in Lieu of Answer (ECF No. 37).

### V.   DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT

Defendant City of Detroit moves for summary judgment, arguing that Plaintiff cannot support a *Monell* claim because he "does not point to any specific policy, official or unofficial, that has been adopted by the City of Detroit." ECF No. 39, PageID.238–39. For the following reasons, the Court agrees and will grant summary judgment for Defendant City of Detroit.

### A. Legal Standard

"Summary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party 'is entitled to judgment as a matter of law." *F.P. Dev., LLC v. Charter Twp. of Canton, Michigan*, 16 F.4th 198, 203 (6th Cir. 2021) (quoting Fed. R. Civ. P. 56(a)). "A fact is material if its resolution will affect the outcome of the lawsuit." *Id*. The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). To support their arguments for or against summary judgment, parties may "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1)(A). They may also "show[] that the materials cited

do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B).

"[T]he standard that a movant must meet to obtain summary judgment depends on who will bear the burden of proof at trial." *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 491 (6th Cir. 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Thus, if the nonmoving party will bear the burden of proof on a claim, the movant "need only demonstrate that the nonmoving party has failed to 'make a showing sufficient to establish the existence of an essential element' of that claim." *Id.* (quoting *Celotex*, 477 U.S. at 322). Thereafter, "the nonmoving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52; *see also Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[The] general rule [is] that a judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (quotation marks omitted)).

### B. Discussion

In his Complaint, Plaintiff asserts that the actions of Defendant Hopp along with "the other officers who came to the scene and proceeded to look through the [P]laintiff's personal papers" show "that the City of Detroit[,] its[] Police Department[ and its] officers have a custom and practice of not respecting citizen's rights." ECF No. 1, PageID.5. Plaintiff further contends that "there needs to be some additional training and mental/psychological evaluations provided to all law enforcement officers once or twice a year." *Id.* at PageID.6; *see also id.* ("More and better training is needed.").

Local governments cannot be sued under § 1983 based solely on injuries inflicted by their employees or agents. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Plaintiffs can make this showing in four ways: "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the

10

existence of a custom of tolerance or acquiescence of federal rights violations." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citation omitted)

The pleadings of *pro se* litigants are held to a less stringent standard than those drafted by attorneys, and consequently, should be liberally construed. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). As such, the Court construes Plaintiff's discussion of the Detroit Police Department's "Open View" policy, ECF No. 40, PageID.259–60, as a contention that the official policy creates liability under § 1983. Additionally, the Court construes Plaintiff's allegations in his Complaint as an assertion that the Detroit Police Department has a policy of inadequate training. *See Burgess*, 735 F.3d at 478.

First, to establish a *Monell* claim based on an illegal official policy, "a plaintiff must identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Jackson*, 925 F.3d at 829 (citation omitted). Here, Plaintiff has identified "Detroit Police Manual Department Manual – Directive Number 202.2 regarding Search and Seizures – 3.4 Open View," which, according to Plaintiff states "Situations when there is no reasonable expectation of privacy, it is not a search. *An Officer* sees what the public could see" (hereinafter the "Policy"). ECF No. 40, PageID.260. Plaintiff argues that officers operating under the Policy "will think that they have/had the right to open the [P]laintiff's fastened envelope and read the [P]laintiff's personal papers,

11

since the [P]laintiff was carrying his fastened envelope in his hand in "open view." *Id.*

Plaintiff's argument fails because he has not shown "the existence of an illegal official policy."[1] *Burgess*, 735 F.3d at 478. The Policy is not illegal as it is an adequate statement of the plain, or open, view doctrine, which is a well-established exception to the Fourth Amendment's general warrant requirement for searches. *See, e.g.*, *Horton v. California*, 496 U.S. 128, 134 (1990) ("It is well established that under certain circumstances the police may seize evidence in plain view without a warrant."); *Harris v. United States*, 390 U.S. 234, 236 (1968) ("It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence."). Indeed, it would be more accurate to say that Plaintiff has been harmed by the officers alleged violation of the plain view doctrine.[2] *See e.g.*, *Horton*, 496 U.S. at 142 n.11 (noting that if an item has been seized under the plain view doctrine,

---

[1] Plaintiff also identified "Detroit Police Manual Department Manual – Directive Number 202.2 regarding Search and Seizures –2," which, according to Plaintiff, states that "Officers conducting a search and/or seizure, with or without a warrant shall be courteous and show respect for the rights, welfare and property of the citizens involved." ECF No. 40, PageID.260. While Plaintiff refers to this policy as "defective" his contention seems to be that officers did not follow it. Regardless, this policy is facially constitutional as it explicitly advises officers to respect citizens' rights.

[2] As that issue is not presently before the Court, the Court declines to resolve it at this time.

"it may only be opened pursuant to either a search warrant . . . or one of the well-delineated exceptions to the warrant requirement"). Nevertheless, because Plaintiff has not identified an illegal official policy, he cannot establish a *Monell* claim on that basis.

Second, to show that the City is liable under *Monell* based on a failure-to-train claim, Plaintiffs "must establish that: 1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Jackson*, 925 F.3d at 834 (citation omitted). When determining whether a municipality has adequately trained its employees, "the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989). A plaintiff may show deliberate indifference by showing either

> (1) "prior instances of unconstitutional conduct demonstrating that the City had notice that the training was deficient and likely to cause injury but ignored it" or (2) "evidence of a single violation of federal rights, accompanied by a showing that the City had failed to train its employees to handle recurring situations presenting an obvious potential for such a violation."

*Jackson*, 925 F.3d at 836 (quoting *Campbell v. City of Springboro*, 700 F.3d 779, 794 (6th Cir. 2012)).

13

Here, Plaintiff has presented no evidence regarding the Detroit Police Department's training program, let alone the training provided for searches. Even if the Court construes Plaintiff's allegations as assertions that the Detroit Police Department provides no training on this topic, which is almost certainly untrue, Plaintiff has not established that Defendant City of Detroit was deliberately indifferent. He has not provided evidence of prior instances of similar unconstitutional conduct. Nor has he provided evidence that searches of sealed envelopes (or other document-carrying containers) a recurring issue such that there is obvious potential for violations of the plain view doctrine in this manner. As such, Plaintiff has failed to establish his failure to train claim.

Because Plaintiff has failed to establish his *Monell* claim under either feasible method, the Court will grant summary judgment to Defendant City of Detroit.

## VI. CONCLUSION

Accordingly, for the reasons articulated above, **IT IS HEREBY ORDERED** that

- Plaintiff's Second Motion for Default Judgment as to Defendant Ronald Hopp (ECF No. 30) is **DENIED**;

- Defendant Hopp's Motion to Dismiss (ECF No. 36) is **DENIED**; and

- Defendant City of Detroit's Motion for Summary Judgment (ECF No. 39) is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Gershwin Drain<br>GERSHWIN A. DRAIN<br>UNITED STATES DISTRICT JUDGE

Dated: January 11, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 11, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager